UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

HILDRED TEMPLE and DIANA-BROWN-TEMPLE,

                                Plaintiffs,

               - against -

HUDSON VIEW OWNERS CORPORATION, HUDSON
NORTH MANAGEMENT, and ERIC GIORDANO,

                                Defendants.

--------------------------------------------------------

No. 16-CV-3203 (CS)

**OPINION & ORDER**

Appearances:

Hildred Temple
Diana Brown-Temple
Yonkers, New York
*Plaintiffs Pro Se*

Carl L. Finger
Finger & Finger
White Plains, New York
*Counsel for Defendants*

Seibel, J.

       Before the Court is Defendants' Motion for Judgment on the Pleadings pursuant to

Federal Rule of Civil Procedure 12(c).  For the reasons stated below, Defendants' motion is

GRANTED.

I.    **Background**

A.    Facts

Plaintiffs Hildred Temple and Diana Brown-Temple are husband and wife who live at a complex called Hudson View, on Warburton Avenue in Yonkers, New York ("Hudson View"). (Doc. 15, at 2; Ps' Mem. 2.)[1]   Plaintiffs are both disabled and over the age of sixty-five.  (Doc. 1, at 4; Doc. 15, at 2.)  For approximately thirteen years, with the permission of the Board of Hudson View (the "Board"), Plaintiffs have paid for and made use of parking spaces #4 and #265 at Hudson View.  (Doc. 11 Ex. A; Ps' Mem. 2.)

On January 26, 2016, Plaintiffs received a letter from Defendant Hudson North Management stating that as of May 3, 2016, Plaintiffs would no longer be able to use parking space #265.  (Doc. 1 Ex. A.)  The letter indicated that Plaintiffs needed to surrender the space for use by another Hudson View resident.  (Doc. 15, at 2; Ps' Mem. 2.)  In April 2016, Plaintiffs were approached by the superintendent of Hudson View, who informed them that they had to remove their personal belongings from the storage area next to parking space #4, thereby triggering Plaintiffs' concern about both parking spaces.  (Doc. 1 Ex. A.)  On April 21, 2016, Ms. Brown-Temple asked the Board, including the manager and superintendent, to not take away her parking space because she is disabled.  (*Id.*)  The Board requested medical documentation of Ms. Brown-Temple's disability before making its decision.  (*Id.*)  Ms. Brown-Temple's request for an extension of time from the Board to submit such documentation was denied, as was Plaintiffs' request to remain in parking space #265.  (*Id.*)  On May 3, 2016, after the commencement of this action, the superintendent told Ms. Brown-Temple to "'[e]mpty out the storage space attach[ed] to parking space #4 immediately.'"  (Ps' Mem. 4.)

---

[1] "Ps' Mem." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Judgment on the Pleadings.  (Doc. 16).  In deference to Plaintiffs' *pro se* status, I will regard as included in their Complaint factual allegations appearing in any of their submissions to the Court.  (Docs. 7, 15, 16.)

B.  Procedural History

On April 29, 2016, Plaintiffs filed their *pro se* complaint.  (Doc. 1.)  They appear to be asserting a reasonable accommodation claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), seeking injunctive relief in the form of continued use of a second parking space at Hudson View.  (*Id.*)  On April 29, 2016, Plaintiffs sought a temporary restraining order or preliminary injunction against Defendants to allow Plaintiffs' continued use of both of their parking spaces.  (Doc. 3.)  On May 3, 2016, a show cause hearing was held and the Court declined to grant the requested relief, finding no imminent irreparable harm.  At the show cause hearing the Court indicated that not having two parking spots may be an inconvenience to Plaintiffs but that it was unclear to the Court why Plaintiffs could not coordinate to make use of one parking space.

On May 23, 2016, the Court waived the pre-motion conference requirement and set a briefing schedule for Defendants' motion for judgment on the pleadings.  (Doc. 6.)  On June 22, 2016, Defendants filed their motion.  (Doc. 12.)  Plaintiffs submitted their brief in opposition on July 22, 2016, reiterating that due to aging and their disabilities two parking spots have become a necessity.  (Docs. 15, 16.)  Defendants replied on August 5, 2016.  (Doc. 17.)

## II.  **Legal Standards**

The standard for assessing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss.  *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *Accelecare Wound Ctrs., Inc. v. Bank of N.Y.*, No. 08-CV-8351, 2009 WL 2460987, at *4 (S.D.N.Y. Aug. 11, 2009).[2]

---

[2] Copies of all unpublished decisions cited herein will be sent to Plaintiffs.

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

On a Rule 12(c) motion, the Court may ordinarily only consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take

4

judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted). "A complaint is also deemed to include any . . . materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Id.* (internal quotation marks and alteration omitted). A document is "integral" if the complaint "relies heavily on its terms and effects." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).

The Court will consider Plaintiffs' written requests for the accommodation, (Ps' Mem. Exs. C, D), which provide details on the accommodation requested and Plaintiffs' explanation of why that accommodation would help them to use and enjoy their apartment. Consideration of the remaining documents is not necessary.

Complaints by *pro se* plaintiffs are to be examined with "special solicitude," and interpreted "to raise the strongest arguments that they suggest," *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (internal quotation marks and emphasis omitted). While *pro se* complaints are held to less stringent standards than those drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements, *see Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997); *accord Honig v. Bloomberg*, No. 08-CV-541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), *aff'd*, 334 F. App'x 452 (2d Cir. 2009).

## III.   Discussion

Plaintiffs assert that Defendants have failed to provide a reasonable accommodation for them under the ADA and FHA. While the former statute refers to "disability" and the latter to

5

"handicap," they are analyzed the same way. *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 253 (S.D.N.Y. 2014). "To state a prima facie case for discrimination based on a failure to reasonably accommodate, a plaintiff must demonstrate that: (1) he suffers from a [disability or] handicap as defined by the [statutes]; (2) the defendant knew or reasonably should have known of the plaintiff's [disability or] handicap; (3) accommodation of the [disability or] handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012) (internal quotation marks omitted).

For purposes of this motion, Defendants dispute only the third element. (Ds' Mem. 5.)[3]

Whether a requested accommodation is required is "highly fact-specific, requiring case-by-case determination." *Hubbard v. Samson Mgmt. Corp.*, 994 F. Supp. 187, 190 (S.D.N.Y. 1998) (internal quotation marks omitted). An accommodation is reasonable when it "gives the otherwise qualified plaintiff with disabilities meaningful access to the program or services sought." *McElwee v. Cty. of Orange*, 700 F.3d 635, 641 (2d Cir. 2012) (internal quotation marks omitted). Plaintiffs bear "the burden of identifying an accommodation, the costs of which, facially, do not clearly exceed its benefits." *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 139 (2d Cir. 1995).

Provision of a parking space for a disabled individual has been found to be a reasonable accommodation. *See, e.g., Jankowski Lee & Assocs. v. Cisneros,* 91 F.3d 891, 894-95 (7th Cir. 1996) (parking space needed to accommodate sufferer of multiple sclerosis); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 336 (2d Cir. 1995) (affirming district court's ruling that defendants had duty to reasonably accommodate plaintiff's need for parking space in building's garage);

---

[3] "Ds' Mem." refers to Defendants' Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, (Doc. 13).

*Hubbard*, 994 F. Supp. at 193 (violation to not provide parking space near plaintiff's apartment to accommodate disability); *see also* 20 C.F.R. § 100.204(b) (upon request resident who is mobility impaired and unable to walk more than short distance must be provided reserved space in 300 unit apartment complex with 450 parking spaces available to tenants and guests on first come/first served basis).

But Plaintiffs have not offered, and the Court cannot find, any precedent holding that a request for *two* parking spaces by disabled tenants of one apartment unit is a reasonable accommodation. While having only one parking space may be less convenient for Plaintiffs, the law does not require defendants to provide the best possible accommodation. *See Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 95 (2d Cir. 2015) (ADA does not require provision of "a perfect accommodation or the very accommodation most strongly preferred"); *Logan*, 57 F. Supp. 3d at 263-65 (rejecting plaintiff's reasoning that defendants failed to provide reasonable accommodation of lower-level apartment because plaintiff was more comfortable in current building and uncomfortable being around the elderly for whom building where new apartment was located had been partially designed); *Resnick v. 392 Cent. Park W. Condo.*, No. 07-CV-1988, 2007 WL 2375750, at *2 (S.D.N.Y. Aug. 14, 2007) (plaintiff had meaningful access to all parts of parking lot already and defendants did not need to "adopt plaintiff's preferred means of accommodation" when a reasonable accommodation was already provided). Nor must Plaintiffs' individual preferences be taken into account when choosing the means of accommodation, "so long as the means chosen were reasonable accommodations." *Resnick*, 2007 WL 2375750, at *2; *see McElwee*, 700 F.3d at 641 ("Although a[n] entity must make reasonable accommodations, it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice.") (internal quotation marks omitted).

Plaintiffs have failed to plausibly allege that one parking space at Hudson View is not sufficient to provide them with "meaningful access" to the benefits to which they are entitled. *McElwee*, 700 F.3d at 641 (internal quotation marks omitted).  Plaintiffs assert in a conclusory fashion that a second parking space is a "necessity, over convenience."  (Ps' Mem. 2.)  In Plaintiffs' written request for the accommodation, Ms. Brown-Temple wrote that the second parking space would "allow [her] to come and go to medical treatments and have independent mobility."  (*Id.* Ex. C.)  Plaintiffs have not explained why one parking space would not allow Plaintiffs to go to medical treatments and have independent mobility.  *Cf. Mabson v. Ass'n of Apartment Owners of Maui Kamaole*, No. 06-CV-235, 2007 WL 2363349, at *2, 8 (D. Haw. Aug. 13, 2007) (no doctor recommended that plaintiffs, one of whom was handicapped, have two cars).

There is no allegation that either of the two parking spaces is not properly situated to provide a reasonable accommodation.  Rather, Plaintiffs' complaint seems to be no different from that of any other couple with only one on-site parking space:  that it would be an inconvenience for two independent people to have to share a car.  They have not provided facts showing that the rules of the complex allow them, or non-disabled but otherwise similarly situated couples, to have two parking spaces;[4] that there is alternative parking available to non-disabled persons that is too far for them to reach; or, as Defendants put it, any other "correlation between the second parking spot and the amelioration of either of [Plaintiffs'] disabilities."  (Ds' Mem. 6.)  Indeed, their position seems to be that renters should be asked to give up spaces ahead of co-op shareholders like themselves, (Doc. 7, at 1), a concern that seems unrelated to their status as disabled persons.  *See Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 250

---

[4] At the same time, however, Defendants' claim that Hudson View's "house rules" provide that each apartment is entitled to one parking spot, (Doc. 11, at 4; Ds' Mem. 2), is contradicted by the copy of the "house rules" supplied by Plaintiffs, (Ps' Mem. Ex. A), which makes no reference to the number of spaces each co-op owner may have.

(D.N.J. 2001) (handicapped resident seeking two spaces provided reason unrelated to his handicap, revealing that his request for accommodation was "coupled with demand a for special treatment").

The statutes under which Plaintiffs bring suit are not intended to elevate Plaintiffs above their fellow residents.  The law requires only equality, not that a "superior *advantage*" be given. *Bryant Woods Inn, Inc. v. Howard Cty.*, 124 F.3d 597, 605 (4th Cir. 1997) (emphasis in original); *see United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1418 (9th Cir. 1994) (noting that some fees for guest access may be permitted "because to require their waiver would extend a preference to handicapped residents, as opposed to affording them equal opportunity"); *see also Hubbard*, 994 F. Supp. at 190 (citing *Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d at 1418).[5]

Plaintiffs have not plausibly alleged that a second parking space is necessary for their use and enjoyment of their residence.  Therefore the Court need not reach the question of whether continuing to provide a second parking space would be an undue burden or cause substantial hardship to Defendants.  *See Noll*, 787 F.3d at 94 ("[T]he plain reasonableness of the existing accommodation ends the analysis.  There is no need to engage in further burden-shifting to consider whether the [plaintiff's] requested accommodation would have been reasonable.").

IV.  <u>**Leave to Amend**</u>

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to

---

[5] Plaintiffs' argument that Defendants have permitted them to use two parking spaces for approximately thirteen years also does not suffice to show that access to the second spot is a necessary reasonable accommodation.  *See Uhl v. Home Depot U.S.A., Inc.*, No. 08-CV-3064, 2010 WL 3282611, at *5 (E.D.N.Y. Aug. 13, 2010) ("[Defendant's] prior, voluntary effort to accommodate [plaintiff] in excess of its legal obligations is admirable.  But it does not compel [defendant] to continue to accommodate [plaintiff] beyond what the law requires.")

amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs have only filed one complaint in this action, (Doc. 1), although they have filed several additional written submissions, (Docs. 7, 15, 16). At the show cause hearing on May 3, 2016, Plaintiffs were apprised of the bases upon which Defendants intended to, and ultimately did, move for judgment on the pleadings. Plaintiffs have not requested leave to file an amended complaint or suggested that they are in possession of facts that would address the deficiencies identified in this opinion. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). On the other hand, because Plaintiffs are *pro se* and in an excess of caution, they may have until December 22, 2016 to make a formal motion to amend (including a proposed Amended Complaint) if they believe they can allege facts that would cure the defects described in this opinion. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint).[6] The case will be closed if no such motion is received by that date.

---

[6] To the extent Plaintiffs suggest they may have a claim for retaliation based on the May 3, 2016 directive to empty their storage unit, (*see* Ps' Mem. 4), I do not see how that directive could constitute retaliation for their filing this lawsuit on April 29, 2016, when their complaint states that they were told that they would have to give up the storage two weeks *before* filing the complaint, (Doc. 1 Ex. A). Further, Plaintiffs are advised that individuals may not be sued under the ADA. *See, e.g.*, *Sherman v. Cty. of Suffolk*, 71 F. Supp. 3d 332, 343 (E.D.N.Y. 2014).

**VI.**     <u>**Conclusion**</u>

For the reasons stated above, Defendants' motion to dismiss is GRANTED.  The Clerk of

Court is respectfully directed to terminate the pending motion, (Doc. 12).

**SO ORDERED.**

Dated: November 28, 2016
         White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.